### Richardson *v*. Philadelphia, Appellant.

Argued April 13, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*James Francis Ryan,* Assistant City Solicitor, with him *David J. Smyth,* City Solicitor, for appellant.

*Philip Price,* with him *Barnes, Biddle & Myers,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 30, 1933:

Which body, city council or the board of managers, has the right to fix the salaries of employees of the house of detention for juvenile offenders in the City of Philadelphia? The court below decided upon the board. We conclude otherwise.

Houses of detention were established by the Act of July 2, 1901, P. L. 601, 11 P. S. 421. Under the original act the board of managers were appointed by the judges of the Court of Quarter Sessions. The amendment of April 26, 1917, P. L. 108, 17 P. S. 700, substituted the Municipal Court as the appointing power in Philadelphia.

Section 7 of the Act of 1901 provides: "It shall be the duty of the board of managers to appoint a man and woman to take charge of the house and children committed to such house of detention, and generally to maintain order and discipline among the children so committed into their keeping. The salary or compensation to be paid to said caretakers shall be fixed by the board of managers, and certified to the county commissioners as one of the expenses of maintaining such house or houses of detention as are established by this act." Nothing is said about the salaries of other employees. Only those of the *"said"* two caretakers are referred to. We think the general rule ought to be that the salaries of municipal employees should be fixed by the body which raises the funds to pay them, unless there is express legislative direction to the contrary. The authority which raises the money should be the one to regulate its expenditure, otherwise the municipality may not know how much to raise and budgets will be out of balance.

Section 9 of the act provides: "The cost and expenses of maintaining the houses of detention by this act established, shall be provided by the respective counties containing the said house or houses of detention, as the cost and expenses of maintaining county prisons are now

provided." It is argued by appellee that as we held in Graham v. Phila., 288 Pa. 152, under the Act of April 14, 1835, P. L. 232, the board of prison inspectors, rather than the city council, had the right to fix the salaries of persons employed in the prisons, it follows that the board of managers, in view of the language of section 9 just quoted, are entitled to fix the salaries in the house of detention as part of the "cost and expense" of maintenance,—that the language "as the cost and expenses of maintaining county prisons are now provided" impliedly gives the power. We are unable to come to this conclusion when consideration is given to the express provision directing the Board of Managers to fix the salaries of the caretakers. Had it been the legislative intent that the Board should fix the salaries of other employees it would have said so, as it did in the instance of the two persons named. In Graham v. Phila., supra, the right of the prison inspectors to fix the salaries of all employees was unqualifiedly given to them by the Act of 1835, as its language (section 2) shows, "The inspectors shall annually appoint a superintendent, a matron for the female department, a physician and clerk for the institution, and shall fix their salaries and compensation, *as also the salaries or compensation of the keepers and all other persons employed in and about the institution.*" We conclude that the power to fix the salaries of all employees except the two caretakers is lodged with City Council and not with the Board of Managers.

As a result of our opinion on the main question, those relating to the bonus payments drop out of consideration.

The judgment of the court below is reversed and is here entered for defendant.